O’NIELL, Chief Justice.
 

 This is a concursus proceeding to determine. who, of the two parties cited, Alex L. Redden or Charles W. Sherwood, is entitled to $231.40 which each of them claims, and which the Dixie Homestead Association deposited in the registry of the court at the time of filing this proceeding. The $231.40 came into the hands of the homestead association in this way: A building owned by Sherwood, on which the homestead association held a mortgage and vendor’s lien, securing a balance of $943.-31 owed by Sherwood to the association, was damaged or partially destroyed by fire. The building was-insured for $3,000 against loss .or damage by fire, and the insurance policy contained the standard mortgage clause making any loss or damage that might become due under the policy payable
 
 *792
 
 to the mortgagee named, as its interest might appear. The policy contained also a clause declaring that the insurance covered the fees of architects necessary to he incurred in repairs or reconstruction of the building, “but not to exceed the usual fees”. According to the undisputed testimony in this case, “the usual fees” of architects, or building experts, when employed under that clause in fire insurance policies, are 10% of the amount of the actual damage or loss ascertained to be due to the insured.
 

 The homestead association, being notified of the loss, employed or selected Redden to serve as architect, or building expert, to ascertain the amount which it ■would cost to repair the damage done to the mortgaged property. Sherwood, the owner of the property, was absent from the city at the time but returned a few days later and tacitly approved the selection of Redden to serve as architect or building expert in the adjustment of the loss, by co-operating with him in his dealings with the insurance company. Redden made plans and specifications and procured estimates from contractors and finally estimated the damage or loss to the insured .at the sum of $2,314, which estimate exceeded that which had been made for the insurance company. Redden’s estimate ■was finally accepted by the company, as well as by Sherwood. Accordingly the insurance company issued its check payable to Sherwood and the homestead association for $2,545.40, being the amount of the loss sustained by Sherwood, $2,314, plus 10% of that amount, $231.40, for the fee due to the architect or building inspector under the clause in the insurance policy declaring that the insurance covered “the fees of architects necessary to be incurred”. Sherwood endorsed the check and turned it over to the homestead association in order that the association might endorse it, and cash it and retain the balance of the mortgage debt owed by Sherwood to the association, $943.31. The homestead association endorsed and cashed the check, and, retaining the $943.31 due to the association, paid to Sherwood $1,370.69, being the balance due to him for the loss which he had sustained, and proposed to pay the remaining $231.40 to Redden, who was claiming the amount for the services which he had rendered as architect or building expert, under the clause in the insurance policy declaring that the insurance covered his fee. Sherwood refused to consider the payment which the homestead association made to him, of $1,370.69, as payment in full for the amount due to him, and insisted that the homestead association should pay him also the $231.40, instead of paying it to Redden. The homestead association, therefore, being in possession of the $231.-' 40 claimed by both Sherwood and Redden, filed this concursus or interpleader proceeding, under the provisions of Act 123 of 1922, and deposited the $231.40 in the registry of the court and prayed to have Redden and Sherwood cited, and to be
 
 *794
 
 discharged from further liability. In answer to the proceeding Redden and Sher-. wood each claimed the $231.40. After a trial of the case on its merits the judge of. the civil district court gave judgment for Sherwood, declaring him to be the owner of the $231.40 deposited with the clerk of court, and ordering the clerk to turn over the $231.40 to Sherwood “without deducting any costs whatsoever”. The judge decreed also that the homestead association should bear all costs of these proceedings, and ordered Redden’s claim for the $231.40 dismissed, reserving to Redden the right to assert whatever claim he might have against Sherwood in appropriate proceedings.
 

 Redden and the homestead association both appealed to the court of appeal. That court held that Redden had no right to impound the $231.40 in the hands of the homestead association and hence that the homestead association had no right to avail itself of the provisions of Act 123 of 1922 by depositing the money in the registry of the court. The court of appeal therefore .amended the judgment appealed from by ordering the suit of the homestead association dismissed at the cost of the association, but permitting the association to withdraw the amount deposited by it in the registry of the court. We take that to mean that the homestead associátion was ■permitted by the judgment to withdraw all of the $231.40 except the costs of these proceedings. One of the judges of the court of appeal dissented. See Dixie Homestead Association v. Redden et al., La.App., 21 So.2d 194, Redden and the association have brought the matter to this court on writs of certiorari and review.
 

 Our opinion is that the homestead association had the right to proceed under Act 123 of 1922 to have the court determine which one of the claimants. Redden, or Sherwood, was entitled to the $231,40 held by the association. The statute declares that any one having possession of a sum of money claimed by two or more persons may deposit the money in the registry of the district court having jurisdiction, and, by having all of the claimants cited to set up their claims, be relieved of further liability. The statute provides that the party so depositing the money shall not be required to pay any of the costs of the proceeding except the cost of service of citation on persons who do not answer the demand and who do not make any claim upon the money deposited. In this case both Redden and Sherwood were claiming the $231.40 of which the homestead association had possession and which the association did not own. The association knew that either one of the two claimants was entitled to receive the money but. did not know which one of them would be held by a court of justice to be entitled to the money. The association therefore was not obliged to assume the risk of paying the $231.40 to either of the claimants.' Hence a resort to Act 123 of 1922 was the only remedy available to the association to
 
 *796
 
 protect itself, by having the court determine which one of the two claimants was' entitled to receive the $231.40.
 

 Our opinion also is that the architect or building expert, Redden, is entitled to the $231.40, as his fee for the services which he rendered, under the provision in the insurance policy that the insurance covers such fees. Redden was not an ordinary creditor either of the homestead association or of Sherwood. He was employed or selected by the association to serve as architect or building expert, with the understanding between him and the association that his fee, or compensation, for the services which he would render would be paid by the insurance company according to the provision in the insurance policy to that effect, and without deduction by the insurance company of any part of the amount that would be ascertained to be due' to Sherwood for the actual damage or loss sustained by him’. The evidence shows— without contradiction — that Redden earned the $231.40. But as a matter of fact Sherwood is not concerned with the question whether Redden earned the $231.40, or with the question whether it was necessary for the homestead association to employ him to ascertain the amount which it would cost to make the repairs or reconstruction of the damaged building. That is a matter of which none of the parties had a right to complain except possibly the insurance company; and. the insurance company made no complaint, but voluntarily included the $231.40 in the check, in addition to the entire amount due to both the insured, Sherwood, and the mortgagee, homestead association.
 

 Both the trial court and the court of appeal dealt with this case as if Redden was an ordinary creditor of Sherwood. But our understanding is that Redden had no claim against Sherwood except to demand that Sherwood should pay to him, Redden, the $231.40 if and when the insurance company paid the amount to Sherwood, under the clause in the insurance policy declaring that the insurance covered the fee of architects necessary to be incurred in repairs or reconstruction of the insured building. Sherwood had no right to. profit by that clause in the insurance policy, by demanding that the insurance company should pay him the entire amount of 10%, in addition to the actual damage or loss which he had sustained, and by paying Redden less than the insurance company paid to Sherwood in addition to the damage or loss actually sustained by him. The; $231.40 was included in the check issued by the insurance company, in addition to. the amount due to both the owner of the building and the mortgagee, and was not to be held by either of them for any other-purpose than to pay to the architect or building expert the fee incurred under the-relevant clause in the policy of insurance. For that reason Redden is the only one of the three parties concerned who had a right to receive and retain the $231.40, not
 
 *798
 
 withstanding his name was not included in the check as one of the payees.. In that respect the case is distinguished from the case entitled In re Employers’ Liability Assurance Corporation, Limited, of London, England, 180 La. 406, 156 So. 447, where it was held that the money deposited by the assurance corporation in an inter-pleader proceeding under the provision of Act 123 of 1922 should not be ordered paid to an ordinary creditor of the party entitled to the money, but could be paid only to the person owning the money or having a lien upon it.
 

 The judgment complained of is set aside and it is now ordered, adjudged and decreed that the $231.40 deposited in the registry of the civil district court shall be paid to Alex. L. Redden, and that Charles W. Sherwood shall pay the costs of this proceeding.
 

 PONDER, J., absent.